# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-02843-MSK-BNB

THOMAS J. BEATTY AND DEBORAH Q. BEATTY,
    Plaintiffs,

v.

MORTGAGEIT, INC;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA9 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA9; BANK OF AMERICA NA; THE PUBLIC TRUSTEE OF DOUGLAS COUNTY, COLORADO; THEIR
SUCCESSORS AND/OR ASSIGNS; and all unknown persons who claim an interest in the subject matter of this action,

    Defendants.

___

## PLAINTIFFS' ANSWER TO DEFENTANTS' COUNTERCLAIM

___

    Plaintiffs, Thomas J. Beatty and Deboah Q. Beatty (collectively, plaintiffs), by and through their undersigned counsel, John W. Weaver of JW Weaver Law, respond and make answer to the counterclaim of the defendants, Bank of America, N.A. (**BANA**), The Bank of New York Mellon fka The Bank of New York, As Trustee for The Certificateholders CWALT, Inc., Alternative Loan Trust 2006-OA9 Mortgage Pass-Through Certificates, Series 2006-OA9 (**BNYM**), and Mortgage Electronic Registration Systems, Inc. (**MERS**) (collectively, **defendants**), as follows, in accordance with the paragraph numbers of the defendants' answer and counterclaim:

1

9. Admit on information and belief.

10. Admit on information and belief.

11. Admit on information and belief that portion of paragraph 11 stating that the defendant MERS "was the former beneficiary of the deed of trust", but Deny the remainder of said paragraph 11 and state affirmatively, upon information and belief, that upon prior contact by the plaintiffs with the defendant BNYM, said defendant, by and through its contacted representatives denied being the holder or current beneficiary of the deed of trust or the promissory note associated with the loan.

12. Admit that portion of paragraph 12 stating that the plaintiffs recorded certain documents with the Douglas County Clerk and Recorder, including those identified in subparagraphs a., c., d., e., and f. of said paragraph 12 (the Beatty documents), but deny that the documents were "fraudulent" or recorded "in an effort to cloud title to the property and improperly delay the foreclosure sale of the property."

13. Admit that portion of paragraph 13 stating that the Beatty documents were filed "without permission or authorization from BNYM, BANA, or MERS," but deny the remainder of paragraph 13 as stated and further state affirmatively that the plaintiffs did not require the defendants' permission or authorization to make any documents of recorder affecting the plaintiffs' own property.

## **Plaintiffs' Defense to Defendants' First Cause of Action**

14. Deny paragraph 14 as stated and state affirmatively that there are no paragraphs 1 through 7 in the defendants' counterclaim available to be incorporated in their First Cause of Action.

15. Deny paragraph 15 as stated.

16. Deny paragraph 16 as stated.

17. Deny paragraph 17 as stated and state affirmatively that the plaintiffs did not cause the UCC Statement to be recorded and upon information and belief contend that it was one or more of the defendants who caused the UCC Statement to be recorded without the permission or authorization of the plaintiffs with the intent of claiming a lien and cloud on title against the plaintiffs' property for and on behalf of the defendant BANA.

18. Deny paragraph 18 as stated.

19. Deny paragraph 19 as stated.

20. Deny paragraph 20 as stated.

21. Deny paragraph 21 as stated, and state affirmatively that the defendants i) have not incurred any damages by the actions of the plaintiffs, ii) have not claimed or stated any circumstances upon which damages may be claimed to have been incurred by the actions of the plaintiffs, and iii) have failed state any claim against the plaintiffs upon which any monetary relief may be granted; and state affirmatively that the defendants have failed to allege or demonstrate any circumstances whatsoever by which the actions of the plaintiffs have caused the defendants or any of them to have incurred damages in excess of the threshold amount of $75,000 as required by 28 U.S.C. § 1332(a), whereby the defendants initially caused the venue of this action to be unilaterally removed to this Court from the District Court in and for the County of Douglas, State of Colorado.

If any allegation is not the subject of a response herein, the same is hereby denied.

### Plaintiffs' Response to Defendants' Affirmative Defenses

The Plaintiffs' deny that the defendants' have any basis in law or fact for any of the affirmative defenses as stated in paragraphs 1 through 8 thereof.

### Plaintiffs' Affirmative Defenses to the Defendants' Counterclaim

1. Prior to the plaintiffs' initiation of this Quiet Title Action in the District Court for the County of Douglas and State of Colorado, the defendant BANA on at least two separate occasions initiated Public Trustee foreclosure proceedings against the plaintiffs' property, but failed to produce the originals of the Deed of Trust or the associated Promissory Note, as required under Colorado law in order to pursue such Public Trustee foreclosure proceedings, which failure resulted in the unilateral withdrawal of said proceedings.

2. Upon numerous occasions, the plaintiffs have made good faith attempts to contact the defendants to determine which of them, if any, were the true assignees, holders and current beneficiaries in possession of the originals of the Deed of Trust and associated Promissory Note, without receiving any satisfactory response or proof that any of the defendants or associated entities were, in fact, in possession or control of the original documents.

3. Upon information and belief, none of the defendants are in possession, ownership or control of the originals of the Deed of Trust and associated Promissory Note.

4. Defendants' counterclaim fails to state a claim upon which relief may be granted.

5. Defendants' counterclaim may be barred by their own conduct, or by the conduct of their agents, representatives, and/or consultants.

6. Defendants' counterclaim may be barred by the doctrine of estoppel.

7. Defendants' counterclaim may be barred by their own fraud.

8. Defendants' counterclaim may be barred by their unclean hands.

9. Defendants' counterclaim may be barred by their lack of standing to assert it.

10. Defendants' counterclaim may be barred by their own breach of contract.

11. This court lacks subject-matter jurisdiction of the issues raised by the defendants' counterclaim.

12. Venue for this proceeding is improper for the reason that proper venue for the plaintiffs' complaint and the defendants' counterclaim is in the District Court in and for the County of Douglas and State of Colorado.

13. The defendants did not have valid grounds under 28 U.S.C. § 1332(a) upon which to have unilaterally caused this action to be removed from the district Court in and for the County of Douglas, State of Colorado to this Court.  (Note: 28 U.S.C. § 1332(a) requires complete diversity of citizenship and the existence of an amount in controversy in excess of $75,000 to justify the removal of a state court action to the Federal District Court.)  In this case, **there is no amount in controversy** as demonstrated both by the plaintiffs' complaint and the defendants' answer and counterclaim, and there is no complete diversity of citizenship. This is the basis of the plaintiffs' Motion for Remand of this Case to the Douglas County District Court, State of Colorado (Motion for Remand), as initially filed with this court on 11/17/14, and subsequently re-filed on 12/22/14 pursuant to the order of this court.  The Motion for Remand remains to be taken up, given consideration or ruled upon by this Court.  Therefore the plaintiffs hereby renew their Motion for Remand and incorporate herein by reference as though stated in full the substance thereof.

14. Plaintiffs have insufficient knowledge or information as to whether they may have additional, as yet unstated, affirmative defenses available. Plaintiffs therefore reserve the right to assert additional affirmative defenses in the event discovery indicates they may be appropriate.

**WHEREFORE, plaintiffs** demand judgment against the defendants as follows:

1. For dismissal of the defendants' counterclaim and speedy determination of the plaintiffs' Motion for Remand; or in the alternative for a decree of quiet title with respect to the plaintiffs' property which is the subject matter of their Quiet Title complaint against the defendants;

2. For reasonable attorneys' fees;

3. For costs of suit incurred herein;

4. For other such relief as the Court may deem just and proper.

Respectfully submitted this 23rd day of January, 2015.

> *s/John W. Weaver*
> John W. Weaver, Atty. Reg. #1163
> JW Weaver Law
> 6950 E. Belleview Ave., Ste. 103
> Greenwood Village, CO 80111
> Telephone: 303-740-8696
> Facsimile: 303-771-0456
> E-Mail: JackWeaver@JWWeaverLaw.com
> *Counsel for Plaintiffs*
> *Thomas J. Beatty and Deborah Q. Beatty*

**CERTIFICATE OF SERVICE**

**I hereby certify that on this 23rd day of January, 2015, a true and correct copy of the foregoing PLAINTIFF'S ANSWER TO DEFENTANTS' COUNTERCLAIM was filed via CM/ECF Filer and served upon the following electronically via email and US first class mail:**

    David H. Goldberg
    Jeffrey M. Lippa
    **Greenberg Traurig, LLP**
    1200 Seventeenth Street, Suite 2400
    Denver, CO 80202
    E-Mail: GoldbergD@gtlaw.com
           LippaJ@gtlaw.com
    *Counsel for Defendant Mortgage/T, Inc.*

    Justin D. Balser
    Ian T. Hicks
    Melissa L. Cizmorris
    AKERMAN LLP
    1400 Wewatta Street, Suite 500
    Denver, CO 80202
    Email: justin.balser@akerman.com
           ian.hicks@akerman.com
           melissa.cizmorris@akerman.com
*Counsel for Defendants:*
*Bank of America, N.A., Bank of New York Mellon f/ka The bank of New York Mellon Cerificateholders CWALT, Inc., Alternative Loan Trust 2006-OA9 Mortgage Pass-Through Certificates, Series 2006-OA9; and Mortgage Electronic Registration Systems, Inc.*

                                    *A duly signed original is on file at*
                                    *the offices of JW Weaver Law*

                                    *sl Martha M. Ontiveros*
                                    Martha M. Ontiveros